# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| GRACE L. SANDOVAL, | CASE NO. 09cv2308 BTM(BLM) |
|---|---|
| Plaintiff, | **ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, AND DENYING MOTION FOR APPOINTMENT OF COUNSEL** |
| v. | |
| PETER GALLAGHER, | |
| Defendant. | |

On October 16, 2009, Plaintiff filed a Complaint, a Motion to Proceed In Forma Pauperis ("IFP Motion"), and a Motion for Appointment of Counsel. For the reasons discussed below, the IFP Motion is granted, the Complaint is dismissed with leave to amend, and the Motion for Appointment of Counsel is denied without prejudice.

## DISCUSSION

I. Motion to Proceed IFP

Upon review of Plaintiff's affidavit in support of her IFP Motion, the Court finds that Plaintiff has made a sufficient showing of inability to pay the filing fees required to prosecute this action. Accordingly, Plaintiff's IFP Motion is **GRANTED**.

///
///

## II. Failure to State a Claim

Although the Court will allow Plaintiff to proceed IFP, Plaintiff's Complaint must be dismissed for failure to state a claim. The Court is under a continuing duty to dismiss an IFP case whenever the Court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

The Complaint is a disjointed, rambling account of miscellaneous criminal activity (including, but not limited to, kidnaping, murder, the forceful removal of body parts, rape, forcing women to be surrogate mothers, drug abuse, and polygamy) involving numerous individuals. The Complaint is, for the most part, incomprehensible and does not set forth the basic elements of a any claim.

Because Plaintiff has failed to state a valid legal claim, Plaintiff's Complaint is dismissed. However, the Court grants Plaintiff leave to file an amended complaint curing the deficiencies noted above. The amended complaint should include a short and plain statement of the grounds for this Court's jurisdiction, a short and plain statement of the legal claim(s) being asserted, and a demand for judgment for the relief sought. Fed. R. Civ. P. 8(a). With respect to the legal claims, Plaintiff should specify who did what, when the events occurred, and how Plaintiff was harmed by the alleged wrongful conduct.

Regarding the form of the amended complaint, Plaintiff must abide by Rule 10 of the Federal Rules of Civil Procedure. Among other things, Rule 10 requires that a party "state its claims in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

## III. Appointment of Counsel

There is no right to counsel in civil cases, and district courts may appoint counsel only under "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must

1 | be viewed together before reaching a decision." <u>Id</u>.

2 |     Currently, the Court cannot say that there is any likelihood of success on the merits. Therefore, the Court **DENIES** without prejudice Plaintiff's Motion for Appointment of Counsel.

### **CONCLUSION**

    Plaintiff's Motion to Proceed IFP is **GRANTED**. But Plaintiff's Complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Plaintiff may file a First Amended Complaint on or before **November 20, 2009**. If Plaintiff fails to do so, the Court will close this case. Plaintiff's Motion for Appointment of Counsel is **DENIED** without prejudice.

**IT IS SO ORDERED.**

DATED: October 21, 2009

                                             */s/ Barry Ted Moskowitz*

                                             Honorable Barry Ted Moskowitz
                                             United States District Judge